**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

CRIMINAL ACTION NO. 6:17-CR-53-GFVT-HAI

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.   **RESPONSE TO DEFENDANT'S OBJECTION (R. 20)** | |
| WERNER GRENTZ | DEFENDANT |

\* \* \* \* \*

Grentz objected on January 18, 2018 (R. 20) to the United States' December 11, 2017 pre-trial notice (R. 19) of evidence from Grentz's 2013 plea agreement to prove his **motive**, **intent**, **knowledge**, and **absence of mistake** at his February 5, 2018 trial. *See* F.R.E. 404(b)(2). The United States will also present evidence of the guilty plea agreement and restitution judgment because they are intrinsic to and directly probative of the current tax fraud charges and Rule 404(b) does not apply. This plea agreement and judgment are docket entries 40 and 43 in Grentz's previous case (6:12-cr-12-GFVT), and are listed as Exhibits 15A and 16A in the United States' Exhibit List (R. 25-1).

## ARGUMENT

### 1. Defendant's Plea Agreement and Judgment are Intrinsic to the Frauds.

The existence of Grentz's 2013 plea agreement and restitution judgment are intrinsic to the tax fraud allegations in the Indictment (R. 1), and are admissible without analysis under Rule 404(b). "Where the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with evidence of, the crime charged, Rule 404(b) is not applicable." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011). "[S]uch evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an

integral part of a witness's testimony, or completes the story of the charged offense." *Id.* This "[b]ackground or *res gestae* evidence is an exception to Rule 404(b)" but contains "severe limitations as to temporal proximity, causal relationship, or spatial connections among the other acts and the charged offense." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013).

Grentz is charged with falsely reporting his income as zero in his 2011 and 2012 amended tax returns (R. 1 at ¶ 1; R. 25-1 at Exhibits 1, 2), in which he states that his original 2011 and 2012 tax returns (R. 25-1 at Exhibits 1B, 2B) were "signed . . . under duress and intimidation of having to go to prison . . . and then having to live with the consequences of being a felon, among many other stressful conditions; to include my attorney stating to me just before the trial was to begin, that he could not defend me and refused to use my arguments in court." *See* Exhibit 1: Attachment to Amended Tax Returns. Grentz's claims in these two tax returns require the jury to know that as part of his 2013 plea agreement, he agreed to file "true and correct U.S. Individual Income Tax Returns for the calendar tax years of 2011 and 2012." R. 40 (6:12-cr-12-GFVT). This portion of the 2013 plea agreement is therefore "intrinsic to and inextricably intertwined" with two of Grentz's charged tax returns. *Marrero*, 651 F.3d at 471.

Grentz is also charged with "imped[ing] the due administration of the internal revenue laws, including the ongoing collection efforts of which he was aware" (R. 1). It is an element of this charge that Grentz knew the IRS was trying to collect $900,068 in restitution ordered in the 2013 judgment. *See* R. 24: Jury Instructions at 4 (citing *United States v. Miner*, 774 F.3d 336, 345 (6th Cir. 2014)). The fact of this judgment is therefore "directly probative of the charged offense." *Marrero*, 651 F.3d at 471. Because the judgment also caused the IRS's collection efforts that Grentz is charged with obstructing, the fact of the judgment also "form[s] an integral part of [the IRS] witness's testimony" about her efforts and Grentz's actions, "has a causal . . .

2

connection with the charged offense," and is "[p]roper background evidence." *Id.* Grentz's obstructive letters also repeatedly refer to his 2013 plea agreement, including that he "did not file 1040 forms since 1999, until forced to do so unlawfully by a Federal Judge for the years of 2011 and 2012." *See, e.g.*, R. 1 at ¶ 2(b); Exhibit 2: Application for Withdrawal of Lien. The restitution judgment is "prelude to" the IRS's collection efforts, and the plea agreement "completes the story of the charged offense," and Rule 404(b)(1) therefore does not apply to or bar their admission. *Marrero*, 651 F.3d at 471.

### 2. Defendant's Plea Agreement is Admissible under Rule 404(b)(2).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." F.R.E. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." F.R.E. 404(b)(2). *See also United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) ("This is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified."). In its three-step evaluation of Rule 404(b) admissibility, this Court must (1) "decide whether there is sufficient evidence that the other act in question actually occurred," (2) "decide whether the evidence of the other act is probative of a material issue other than character," and (3) "decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Adams*, 722 F.3d at 810.

First, Grentz signed that he agreed with the contents of the 2013 plea agreement.

Second, "the government's purpose in introducing [Rule 404(b)] evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the

statutory elements obligate the government to prove." *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996). Here, Grentz's defense will include denying that he acted with the requisite **intent** and **knowledge** for his tax fraud offenses, including whether Grentz knew of a legal duty, and whether he voluntarily and knowingly violated that duty. *See* R. 24: Jury Instructions at 2-3. *See also* R. 1 at ¶ 2(d); Exhibit 3: Excerpt of Letter from Grentz. The United States can therefore properly use Grentz's 2013 plea agreement to prove this mental state. In that plea agreement, Grentz agreed that he "knew that he owed the tax to the IRS because he received IRS Forms 1099 . . . indicating that no deductions had been made from these amounts for federal income taxes," and that he had a "known legal duty to file his tax return and pay the tax to the IRS." R. 40 at 2 (6:12-cr-12-GFVT). In this case, the jury will see Grentz's 2011, 2012, 2013, and 2015 IRS Forms 1099 with no deductions or withholdings, and the 2013 plea agreement will prove Grentz's knowledge of his legal duty to pay taxes on this income, and his intent in falsely reporting his income to be zero.

Further, if Grentz disputes **motive**, the agreement explaining that the IRS would use legal claims against his property to collect the tax debt (R. 40 at 5 (6:12-cr-12-GFVT)) is admissible to show why he sent the IRS and the county clerks obstructive letters about the federal tax liens. Similarly, if Grentz claims innocent error or negligence, his agreement admitting prior tax fraud is admissible to show **absence of mistake**. Grentz may not argue he made the same mistakes twice. "Once an act is assumed to be done, 'the prior doing of other similar acts . . . is useful as reducing the possibility that the act in question was done with innocent intent.'" *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997) (quoting Wigmore on Evidence, § 302 at 245).

In the third part of its analysis, the Court must "decide whether the probative value of the [Rule 404(b)] evidence is substantially outweighed by its potential prejudicial effect." *Adams*,

4

722 F.3d at 810.  However, "the prejudice to be weighed is the *unfair* prejudice caused by admission of the evidence."  *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996) (emphasis in original).  Here, while Grentz's prior acts "mak[e] him look bad, [they] do[] not unfairly prejudice him by confusing or misleading the jury."  *Id*.  Any unfair prejudice can be "reduced by a clear and concise instruction identifying for the jurors the specific purpose for which the evidence [i]s admissible and limiting their consideration of the evidence to that purpose."  *Merriweather*, 78 F.3d at 1077.  *See, e.g.*, Sixth Circuit Pattern Jury Instruction 7.13.

Evidence from Grentz's plea agreement is therefore probative of material issues other than character, and is admissible for those purposes under Rule 404(b)(2).

        Respectfully submitted,

        ROBERT M. DUNCAN, JR.
        UNITED STATES ATTORNEY

By:   s/ Neeraj K. Gupta
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4843
        Neeraj.Gupta@usdoj.gov

CERTIFICATE OF SERVICE

On January 24, 2018, I electronically filed this document through the CM/ECF system.

        s/ Neeraj K. Gupta
        Assistant United States Attorney