**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 18-6316/6317

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 23, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> WERNER GRENTZ, ) <br>     Defendant-Appellant. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |

O R D E R

Before: SUHRHEINRICH, COOK, and READLER, Circuit Judges.

In these consolidated cases, Werner Grentz appeals the district court's judgment of conviction and sentence (No. 18-6317) and its judgment revoking his previously imposed supervised release (No. 18-6316). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2013, Grentz pleaded guilty to attempting to evade or defeat tax, in violation of 26 U.S.C. § 7201. The district court sentenced Grentz to 18 months of imprisonment followed by three years of supervised release and ordered him to pay $900,068 in restitution to the Internal Revenue Service (IRS). Grentz's three-year term of supervised release began in November 2014. After Grentz stipulated to violating the conditions of his supervised release, the district court revoked his supervised release and sentenced him to 30 days of imprisonment followed by 35 months of supervised release.

Grentz's 35-month term of supervised release began in October 2016. A year later, a federal grand jury returned an indictment charging Grentz with five counts of willfully making

and signing tax documents containing written declarations that they were made under the penalties of perjury, which he did not believe to be true and correct as to every material matter, in violation of 26 U.S.C. § 7206(1), and one count of corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).  The probation office petitioned the district court to issue a summons, asserting that Grentz had violated a condition of his supervised release by committing another crime.  The district court continued Grentz's final revocation hearing pending resolution of his new criminal charges.

Grentz proceeded to trial on the new tax charges.  Following a three-day trial, a jury returned a verdict finding Grentz guilty on all six counts.  The probation office subsequently prepared a presentence report, which set forth a Guidelines range of 33 to 41 months of imprisonment based on a total offense level of 18 and a criminal history category of III.

After Grentz's trial, the magistrate judge conducted a final revocation hearing and took judicial notice of the guilty verdict.  Grentz's Grade B violation and criminal history category of I at the time of his original conviction corresponded to an imprisonment range of four to ten months of imprisonment.  The magistrate judge recommended that the district court find Grentz guilty of the violation, revoke his supervised release, and sentence him to 19 months of imprisonment and one year of supervised release.  Grentz objected to the magistrate judge's recommendation that he be sentenced to 19 months of imprisonment.

The district court conducted a joint sentencing and final revocation hearing.  With respect to his new convictions, the district court sentenced Grentz to 36 months of imprisonment to run consecutively to his revocation sentence, with one year of supervised release to follow, and ordered him to pay $237,860 in restitution to the IRS.  Adopting the magistrate judge's recommended disposition in part, the district court found Grentz to have violated a condition of his supervised release by committing another crime, revoked his supervised release, and sentenced him to 12 months of imprisonment followed by one year of supervised release.

Grentz filed a timely notice of appeal in both cases.  This court consolidated the two cases for briefing and submission.  Grentz's counsel has filed a brief and a motion to withdraw pursuant to Sixth Circuit Rule 12(e) and *Anders v. California*, 386 U.S. 738 (1967), asserting that, after a

thorough review of the record, he has found no meritorious or worthwhile issues to present to the court. Counsel's brief addresses the following issues: (1) whether the evidence was sufficient to support Grentz's convictions, (2) whether Grentz's sentence is procedurally and substantively unreasonable, (3) whether Grentz's revocation sentence is procedurally and substantively unreasonable, (4) whether Grentz received ineffective assistance of counsel, and (5) whether Grentz owes tax restitution for the years in question or in the amount ordered to be repaid. Counsel concludes that there are no non-frivolous issues for consideration by this court. In his pro se response, Grentz makes the frivolous argument that "income" includes only funds from a public sector source and does not include his private sector funds. *See Perkins v. Comm'r of Internal Revenue*, 746 F.2d 1187, 1188 (6th Cir. 1984) (holding that "gross income means all income from whatever source derived"). After independently examining the record in both cases, *see Penson v. Ohio*, 488 U.S. 75, 82-83 (1988), we grant counsel's motion to withdraw because no grounds for appeal can be sustained.

**Sufficiency of the Evidence**

"We review sufficiency of the evidence challenges de novo to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Mathis*, 738 F.3d 719, 735 (6th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "In making this determination, however, we may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury." *Id*. (quoting *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005)). "[W]e draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).

The government presented sufficient evidence to support Grentz's convictions on five counts of willfully making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). To establish a violation of § 7206(1), "the government need only prove that a defendant willfully made and subscribed a return, that the return contained a written declaration that it was made under penalties of perjury, and that the defendant did not believe the return to be true and correct as to

every material matter." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002) (citation omitted).

"Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). A rational trier of fact could find that Grentz was aware of his duty to file true and correct tax returns and pay income taxes to the IRS as evidenced by his prior guilty plea and his admissions in his plea agreement. A rational trier of fact could also infer Grentz's willful intent from his attempts to conceal his income, including asking to be paid as a contractor, directing payments to be made to his company, depositing payments into his wife's account, and providing a false social security number. *See United States v. Rozin*, 664 F.3d 1052, 1059 (6th Cir. 2012) ("Willfulness may be established by evidence that is 'entirely circumstantial.'" (quoting *United States v. Fawaz*, 881 F.2d 259, 265 (6th Cir. 1989)).

The other elements of § 7206(1) were satisfied. Each tax return signed and filed by Grentz contained a written declaration that the return was made under penalties of perjury. Each tax return was false as to a material matter. "A matter is 'material' if it has a natural tendency to influence, or is capable of influencing or affecting, the ability of the IRS to audit or verify the accuracy of a tax return." *Tarwater*, 308 F.3d at 505. "In a prosecution under § 7206(1), 'any failure to report income is material.'" *Id*. (quoting *United States v. Holland*, 880 F.2d 1091, 1096 (9th Cir. 1989)). The five tax returns reported zero income, despite evidence that Grentz made over $700,000 from 2011 to 2015. In addition, Grentz claimed to be filing as a non-resident alien, when he resided in Kentucky, and on behalf of a trust, "WERNER GRENTZ," which did not exist.

Grentz was also charged with one count of violating 26 U.S.C. § 7212(a), which provides criminal penalties for anyone who

> corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title.

"[T]o act corruptly means to act with the intent to secure an unlawful benefit either for oneself or another." *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004) (alteration in original) (quoting *United States v. Winchell*, 129 F.3d 1093, 1098 (10th Cir. 1997)). To convict under § 7212(a)'s omnibus clause, "which is a 'catch-all' clause aimed at other activities which may obstruct or impede the due administration of the title," *United States v. Kassouf*, 144 F.3d 952, 955 (6th Cir. 1998) (citation omitted), the government must prove that the defendant "is 'acting in response to some pending IRS action of which [he is] aware,'" *United States v. Miner*, 774 F.3d 336, 345 (6th Cir. 2014) (alteration in original) (quoting *McBride*, 362 F.3d at 372). "This means that the government must prove that the defendant is aware that the IRS has taken some step to investigate a particular taxpayer beyond routine administrative procedures such as those required to accept and process tax filings in the ordinary course." *Id.* at 346 (citation omitted).

The government presented sufficient evidence to support Grentz's conviction for attempting to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). The evidence demonstrated that Grentz was aware of the IRS's efforts to collect the 2013 judgment against him by filing notices of a federal tax lien. Grentz's letters to the IRS and the county clerks showed his intent to secure the removal of the tax liens through threats of personal liability against the IRS's revenue officer and the county clerks. A rational jury could find that Grentz's threats of personal liability and his claims against the county clerks' bonds were intended to interfere with the IRS's collection efforts. *See McBride*, 362 F.3d at 372.

**Revocation of Supervised Release**

A district court may revoke a term of supervised release and require the defendant to serve a new term of imprisonment if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). We review the district court's revocation of supervised release for abuse of discretion. *United States v. Givens*, 786 F.3d 470, 471 (6th Cir. 2015).

Grentz was charged with violating the conditions of his supervised release by committing another crime. Grentz did not concede the new law violation, but recognized that the jury verdict satisfied the preponderance-of-the-evidence standard. Grentz's Grade B violation warranted

revocation.  *See* USSG § 7B1.3(a)(1).  The magistrate judge recommended that the district court find Grentz guilty of the violation and revoke his supervised release.  Grentz did not object to this recommendation, limiting his objection to the magistrate judge's sentencing recommendation.  By failing to object to the magistrate judge's recommendation that the district court find him guilty of the violation and revoke his supervised release, Grentz waived appellate review of these issues.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  In any event, there is no basis for arguing that the district court erred in finding a violation or abused its discretion in revoking Grentz's supervised release.

**Sentencing**

We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard.  *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).  We review sentences imposed upon revocation of supervised release under the same standard.  *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007).

We first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The only objection that Grentz raised at the joint sentencing/revocation hearing was to the amount of tax loss calculated by the IRS.  Any other procedural challenges would therefore face plain-error review.  *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

With respect to his sentence for his new tax offenses, Grentz cannot establish any error in the Guidelines calculation affecting his substantial rights.  The district court did not treat the Guidelines as mandatory, referring to the range as "recommended."  The district court considered the relevant § 3553(a) factors in sentencing Grentz, focusing on the need to reflect the seriousness of his offenses and provide just punishment.  The district court stated, "[T]he nature and circumstances of this conduct is very aggravating to me in light of the history—in light of the fact

that you're standing before me again in this context." There is no indication that the district court relied on any clearly erroneous facts. The district court adequately explained the 36-month sentence, finding that a sentence in the middle of the Guidelines range was appropriate. The district court also provided an adequate explanation for ordering Grentz's 36-month sentence for his new tax offenses to run consecutively to his revocation sentence. *See United States v. Cochrane*, 702 F.3d 334, 346-47 (6th Cir. 2012). The district court emphasized that the 36-month sentence and the revocation sentence punished different conduct—"that's separate and apart." The record does not reveal any plain procedural error by the district court in sentencing Grentz for his new tax offenses.

As for Grentz's revocation sentence, the district court correctly calculated the applicable imprisonment range. The district court did not treat that range as mandatory, referring to the "recommended sentence." The district court considered the § 3553(a) factors, emphasizing the need to promote respect for the law, provide just punishment for Grentz's breach of trust, and afford adequate deterrence. There is no indication that the district court relied on any erroneous facts. The district court provided an adequate explanation for its decision to vary upward from the recommended range:

> The fact is that even after having served that prison sentence, you've just finally decided as a point of conviction that you were right on the law and the institutions were wrong on the law, and so that's troubling to me, and I think . . . it deserves a variance above what's being recommended, though, not as great as [the magistrate judge] has recommended.

The district court concluded:

> [A] 12-month sentence is an appropriate sentence to reflect that holding you accountable for that primary wrong here in the context of revocation, which is violating the trust that the Court had . . . put in you, had given you any number of breaks, if you will, as it relates to that initial criminal conduct, and then also as it relates to your behavior during your period of supervision.

Grentz's 12-month revocation sentence was procedurally sound.

We next consider the substantive reasonableness of Grentz's sentences. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary'

to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "'The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness.' Instead, substantive unreasonableness is 'a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others . . . .'" *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (quoting *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018)).

We afford a rebuttable presumption of substantive reasonableness to Grentz's within-Guidelines sentence for his new tax offenses. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Grentz cannot overcome that presumption, given that the district court considered the relevant § 3553(a) factors and explained its decision to impose a sentence in the middle of the Guidelines range.

As for Grentz's 12-month revocation sentence, the district court varied upward from the applicable imprisonment range. Although we apply a presumption of substantive reasonableness to a sentence within the applicable range, we may not apply a presumption of unreasonableness to a sentence outside the applicable range. *Gall*, 552 U.S. at 51; *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011). We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. The district court explained its decision to impose a two-month upward variance; that decision was reasonable in light of the prior breaks given to Grentz. *See United States v. Polihonki*, 543 F.3d 318, 326 (6th Cir. 2008).

**Restitution**

The district court ordered Grentz to pay $237,860 in restitution to the IRS as a condition of his supervised release. We review de novo whether the law permits restitution and, if it does, review the amount of restitution under an abuse-of-discretion standard. *United States v. Sawyer*, 825 F.3d 287, 291-92 (6th Cir. 2016). Although "[t]he federal restitution statutes do not authorize restitution for tax crimes under Title 26 . . . [,] the law gives courts wide discretion in ordering

restitution as a condition of supervised release." *United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015).

Grentz objected to the amount of tax loss calculated by the IRS, asserting that the money he received from Hoskins Medical Center—totaling $6000 in 2014 and $32,500 in 2015—was a loan and not taxable income. If the salary advances were loans, they did not constitute taxable income. *Beaver v. Comm'r*, 55 T.C. 85, 91 (1970). However, "if the advances were compensation for services, even though those services were to be performed in the future, they constituted taxable income in the years received." *Id*. Based on the evidence, the district court did not commit clear error in finding that the money from Hoskins Medical Center was prepayment for labor to be performed in the future and not a loan. Accordingly, the district court did not abuse its discretion in ordering restitution in the amount of $237,860.

**Ineffective Assistance of Counsel**

"[A] defendant cannot typically raise claims of ineffective assistance of counsel on direct appeal because the record is not developed for the purpose of litigating an ineffective assistance claim and is often incomplete." *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010) (citing *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)). There is no error apparent from the existing record. Counsel correctly asserts that any ineffective-assistance claims are premature and should be raised in a motion to vacate under 28 U.S.C. § 2255. *See United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006).

A review of the entire record in both cases reveals no non-frivolous issues to support an appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **AFFIRM** the district court's judgment of conviction and sentence and its revocation judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk